**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DIEGO RODRIGUEZ,** | : | |
| | : | |
| **Plaintiff** | | **CIVIL ACTION NO. 3:14-1149** |
| | : | |
| **v.** | | **(JUDGE MANNION)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## <u>MEMORANDUM</u>

Pending before the court is the "Motion to Dismiss, or, in the Alternative, for Summary Judgment" filed by the defendant, the United States of America. (Doc. 10). For the reasons set forth below, the court will **GRANT** the motion insofar as it dismisses any claims intended to be based upon acts or omissions by the independent contractor hospital and its staff.

## I.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND[1]

The plaintiff, Diego Rodriguez, is an inmate currently housed at the Federal Correctional Institute in Allenwood, Pennsylvania ("FCI Allenwood"). He was housed at the United States Penitentiary in Lewisburg ("USP

---

[1] All facts are taken from the plaintiff's complaint and accepted as true solely for the purpose of the instant motion to dismiss. *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Lewisburg") for all times relevant to the instant action. (Doc. 1, ¶ 6). In April of 2012, the plaintiff began experiencing sharp pain in his lower back that radiated down his left leg. *Id.* ¶ 13. He was seen by medical staff at USP Lewisburg and was diagnosed with muscle strain and was told the pain would go away with rest. *Id.* ¶ 15. The pain continued, increased, and became more regular. *Id.* ¶ 16. The plaintiff again visited the medical staff at the prison, and as a result the staff conducted tests on the plaintiff and determined he may have kidney stones. *Id.* ¶ 18. The plaintiff was "repeatedly told that [he] would soon be going to the hospital to have the kidney stone removed" over the course of six months. (Doc. 1, ¶ 20).

Around October 30, 2012, the plaintiff was taken to Sunbury Community Hospital ("Sunbury") to have his kidney stone removed. *Id.*, ¶ 21; *Id.*, Ex. B-1, B-2. The doctor attending to the plaintiff, Dr. Chopra, explained removal procedure and advised the plaintiff that he did not see anything in the file to "lead him to believe that the operation would go any way but standard." *Id.*, ¶ 22. He was not advised that kidney removal was a risk of the procedure. *Id.* ¶ 23. During the procedure, Dr. Chopra discovered significant inflammation and scarring of the kidney, which required the kidney to be removed without the plaintiff's permission. *Id.*, Ex. B-1, B-2. After the operation was completed,

2

the doctor discovered that he had left a sponge inside the plaintiff during the operation; the doctor then reopened the plaintiff and removed the sponge. *Id.* ¶¶ 25-26. The reopening caused serious infection and resulted in the plaintiff spending additional days in the intensive care unit. (Doc. 1, ¶ 26).

As a result of the abovementioned chain of events, the plaintiff filed a complaint in federal court on June 16, 2014 alleging that the defendant, the United States of America, is liable for injuries resulting from the Bureau of Prisons and its employees' negligence. The plaintiff specifically alleges: medical personnel at the prison were negligent in diagnosing and treating the plaintiff's kidney stone; the Bureau of Prisons was negligent for not maintaining an adequate health services policy and failing to train its health services employees; and finally the Bureau of Prisons was negligent in maintaining an inadequate contract policy for outsourcing health care issues. (Doc. 1, pp. 6-7). On October 27, 2014, the defendant filed a "Motion to Dismiss, or, in the Alternative, for Summary Judgment." (Doc. 10). On November 24, 2014, the defendant timely filed a brief in support of the motion, in which the defendant withdrew its alternative motion for summary judgment. (Doc. 13). The plaintiff moved for an extension of time to file a brief in opposition to the motion on December 12, 2014, (Doc. 14), which the court

3

subsequently granted. (Doc. 15). Then, on January 14, 2015, the plaintiff filed a motion for extension of time to file a certificate of merit, and with this motion, the plaintiff attached two certificates of merit relating to claims against Dr. Chopra and the United States. (Doc. 16). The plaintiff subsequently filed a brief in opposition to the motion to dismiss on January 20, 2015. (Doc. 17). In response, the defendant filed a Reply Brief on February 2, 2015, in which it acknowledged that the plaintiff's failure to file a certificate of merit, was "no longer an issue for the purposes of [the] Motion." (Doc. 18, p. 1). However, the defendant still moves to dismiss the complaint as it relates to claims which would hold the defendant liable for the acts or omissions of an independent contractor. *Id.* Having received briefs from both parties, the court will now rule on the motion.

## II.   STANDARD OF REVIEW

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and

dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit

to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See*, *e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III.  DISCUSSION

The defendant moves to dismiss the plaintiff's claims insofar as his

allegations attempt to hold the defendant, the United States, liable for the conduct of its independent contractors. The defendant contends that the United States has not waived its sovereign immunity under the Federal Tort Claims Act (FTCA) because the FTCA contains a clear exception for acts of independent contractors. Thus, the defendant argues that it retains sovereign immunity and cannot be held liable for the conduct of Dr. Chopra and Sunbury.

The FTCA provides, in relevant part, that District Courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346. For the purposes of this statute, an employee of the government is defined as,

> (1) officers or employees of *any federal agency*, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or

7

without compensation, and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18.

28 U.S.C. §2671 (emphasis added). Furthermore, federal agencies include "the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, *but does not include any contractor* with the United States." *Id.* (emphasis added). Thus, the FTCA does not waive the United States' sovereign immunity when the conduct at issue is that of a contractor or any of the contractor's employees. When determining whether an individual or entity is an independent contractor, the Third Circuit has clearly held that "[t]he critical factor used to distinguish a federal agency employee from an independent contractor is whether the government has the power 'to control the detailed physical performance of the contractor.'" Norman v. United States, 111 F.3d 356 (3d Cir. 1997) (quoting United States v. Orleans, 425 U.S. 807, 814 (1976)); *see also* Bailey v. United States Marshals Serv. Headquarters, 426 Fed. Appx. 44 (3d Cir. 2011) (not precedential opinion); Moreno v. United States, 387 Fed. Appx. 159 (3d Cir. 2010) (not precedential opinion).

8

The plaintiff's complaint includes numerous factual allegations regarding the medical treatment he received at both USP Lewisburg and Sunbury. He sets forth two legal claims for relief based upon these factual allegations. In Count I, he alleges that the Bureau of Prisons health services staff were negligent in delaying his medical treatment and that the Bureau of Prisons itself was negligent by implementing an improper health services policy and failing to properly train and supervise health services staff. (Doc. 1, ¶¶ 29-34). In Count II, the plaintiff complains that the United States' "Contract Policy for outsourcing the healthcare issues . . . is defective," *id.* ¶ 35, and that the United States fails to screen and review contractors in a way that ensures "a standard of care commensurate with the standards of the community." *Id.* ¶ 37. Both Counts I and II clearly focus upon the acts or omissions of the Bureau of Prisons and its staff. The Bureau of Prisons is a federal agency, and thus the actions of its employees fall neatly within the FTCA. The defendant, on the other hand, reads the complaint as a "request to impose liability on the United States through the alleged acts of its independent contractors," specifically Sunbury's negligence or unlawful conduct. (Doc. 18, p. 1). However, the complaint never makes such a request, and in the plaintiff's opposition to the motion to dismiss, the plaintiff clarifies and states

9

that both Counts in his complaint "clearly and concisely state a claim of negligence on the part of the United States–not at the independent contractors referenced in the Complaint." (Doc. 17, p. 1). He explains at length how both Counts in his complaint are directed at federal employees at the prison and the Bureau of Prisons. *Id.* at 3-5. The court finds that the plaintiff's claims do not attempt to hold the United States liable for alleged malpractice committed by Dr. Chopra or Sunbury.

Therefore, while the court does not interpret the complaint to include any allegations against the United States for the conduct of Sunbury employees, to the extend in was intended to do so, the court will dismiss any such claims from the complaint, leaving only those claims that involve the conduct and alleged wrongdoing of United States' employees.

## III.   CONCLUSION

For the foregoing reasons, the court will **GRANT** the defendant's motion to dismiss insofar as it serves to limit the plaintiff's claims to only those in which the plaintiff seeks to hold the defendant liable for its own conduct.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 28, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1149-01.wpd