**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DIEGO RODRIGUEZ,** | : |
| | : |
| Plaintiff | CIVIL ACTION NO. 3:14-1149 |
| | : |
| v. | (JUDGE MANNION) |
| | : |
| **UNITED STATES OF AMERICA,** | : |
| Defendant | : |

### MEMORANDUM

Pending before the court is the plaintiff's motion "for extension of time to file certificate of merit," (Doc. 27), and motion for "Appointment of Counsel and Expert Witness." (Doc. 29). For the reasons set forth below, the court will **DENY** both motions.

### I.   Relevant Factual and Procedural Background

The plaintiff, Diego Rodriguez, is an inmate currently housed at the Federal Correctional Institute in Allenwood, Pennsylvania ("FCI Allenwood"). He was housed at the United States Penitentiary in Lewisburg ("USP Lewisburg") for all times relevant to the instant action. (Doc. 1, ¶ 6). In April of 2012, the plaintiff began experiencing sharp pain in his lower back that radiated down his left leg. *Id.* ¶ 13. He was seen by medical staff at USP

Lewisburg and was eventually diagnosed with kidney stones. *Id.* ¶ 18. The plaintiff was "repeatedly told that [he] would soon be going to the hospital to have the kidney stone removed" over the course of six months. (Doc. 1, ¶ 20).

Around October 30, 2012, the plaintiff was taken to Sunbury Community Hospital ("Sunbury") to have his kidney stone removed. *Id.*, ¶ 21; *Id.*, Ex. B-1, B-2. The doctor attending to the plaintiff, Dr. Chopra, explained removal procedure and advised the plaintiff that he did not see anything in the file to "lead him to believe that the operation would go any way but standard." *Id.*, ¶ 22. He was not advised that kidney removal was a risk of the procedure. *Id.* ¶ 23. During the procedure, Dr. Chopra discovered significant inflammation and scarring of the kidney, which required the kidney to be removed without the plaintiff's permission. *Id.*, Ex. B-1, B-2. After the operation was completed, the doctor discovered that he had left a sponge inside the plaintiff during the operation; the doctor then reopened the plaintiff and removed the sponge. *Id.* ¶¶ 25-26. The reopening caused serious infection and resulted in the plaintiff spending additional days in the intensive care unit. (Doc. 1, ¶ 26).

As a result of the abovementioned chain of events, the plaintiff filed a complaint in federal court on June 16, 2014 alleging that the defendant, the United States of America, is liable for injuries resulting from the Bureau of

Prisons and its employees' negligence. The plaintiff specifically alleges: medical personnel at the prison were negligent in diagnosing and treating the plaintiff's kidney stone; the Bureau of Prisons was negligent for not maintaining an adequate health services policy and failing to train its health services employees; and finally the Bureau of Prisons was negligent in maintaining an inadequate contract policy for outsourcing health care issues. (Doc. 1, pp. 6-7).

On October 27, 2014, the defendant filed a "Motion to Dismiss, or, in the Alternative, for Summary Judgment." (Doc. 10). On November 24, 2014, the defendant timely filed a brief in support of the motion, in which the defendant withdrew its alternative motion for summary judgment. (Doc. 13). The plaintiff moved for an extension of time to file a brief in opposition to the motion on December 12, 2014, (Doc. 14), which the court subsequently granted. (Doc. 15). Then, on January 14, 2015, the plaintiff filed a motion for extension of time to file a certificate of merit, and with this motion, the plaintiff attached two certificates of merit relating to claims against Dr. Chopra and the United States. (Doc. 16). The plaintiff subsequently filed a brief in opposition to the motion to dismiss on January 20, 2015. (Doc. 17). In response, the defendant filed a Reply Brief on February 2, 2015, in which it acknowledged that the

plaintiff's failure to file a certificate of merit, was "no longer an issue for the purposes of [the] Motion." (Doc. 18, p. 1).

Immediately thereafter, the defendant filed a motion for summary judgment on the grounds that the plaintiff is barred from presenting an expert to support his claims, and therefore cannot prove elements necessary to prove medical negligence (professional negligence) and any claims related to such negligence. (Doc. 19). The defendant also argues that it is entitled to summary judgment for the plaintiff's "claim for negligent hiring, supervision, and retention of the independent contractors is barred by the discretionary function exception to the FTCA." (Doc. 21, p. 1). On April 2, 2015, the plaintiff responded by filing a motion for extension of time to respond to the defendant's summary judgment motion, which this court subsequently granted. (Docs. 22, 23). On June 2, 2015, the deadline for filing his opposition to the motion for summary judgment, the plaintiff submitted both a motion for leave to conduct additional discovery pursuant to Rule 56(d) of the Federal Rule, (Doc. 25), as well as a motion for a second extension of time to respond to the defendant's summary judgment motion. (Doc. 26). The plaintiff subsequently filed an additional motion, on June 12, 2015, requesting an extension of time to file a certificate of merit. (Doc. 27). On June 19, 2015, the

defendant filed a brief in opposition to the plaintiff's motion for additional discovery, (Doc. 28), to which the plaintiff filed a reply brief on July 27, 2015. (Doc. 30). Just prior to filing this reply, the plaintiff also filed a motion for appointment of counsel and an expert witness. (Doc. 29).

## II.     Discussion

At this point in the litigation, the court will decide both the motion for extension of time to file a certificate of merit, (Doc. 27), as well as the motion for appointment of counsel and an expert witness. (Doc. 29). Each motion will be examined separately below.

### A.     Extension of Time to File Certificate of Merit

The plaintiff, for the second time, requests an extension in time to file a certificate of merit in the instant action. (Doc. 27). As noted above, the plaintiff filed his first request for an extension of time to file a certificate of merit on January 14, 2015. (Doc. 16). Along with this request, he also filed two certificates of merit corresponding to his claims against both Dr. Chopra and the United States and its employees respectively. *Id.* In both certificates of merit, he certified that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of claims against this defendant."

(Doc. 17, pp. 4, 5). The court granted his motion for extension, thereby accepting the certificates of merit filed on January 14, 2015 as valid and timely. (Doc. 24).

The applicable Pennsylvania Rules of Civil Procedure, which mandate a certificate of merit in this case, state, "in the absence of exceptional circumstances the attorney is bound by the certification." Pa.R.C.P. 1042.3(a)(3). The Third Circuit has affirmed this holding in *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011), and courts within the Third Circuit have consistently held that a certificate of merit is binding on plaintiffs who are represented by counsel as well as those proceeding *pro se.* See *Liggon-Redding*, 659 F.3d at 265; Cuevas v. United States, No. 09–43J, 2013 WL 4500470, at *10 (W.D. Pa. Aug. 21, 2013); Illes v. Beaven, No. 1:12-CV-0395, 2012 WL 2836581, at *2 (M.D. Pa. July 10, 2012).

Here, the plaintiff has already submitted valid certificates of merit that satisfy the Pennsylvania Rules of Civil Procedure and are binding upon him. His status as a *pro se* litigant does not constitute an "exceptional circumstance" and does not negate the fact that he is bound. As a result, the plaintiff has no need for additional time to submit a certificate of merit because the binding nature of the previously submitted certificates precludes him from

6

amending these certificates or filing new certificates. Thus, the instant motion for extension of time to file a certificate of merit, (Doc. 27), is **DENIED**.

**B.     Request for Appointment of Expert Witness and Counsel**

In the second motion under consideration, the plaintiff requests that the court appoint "counsel and/or expert witness to assist him in litigating his cause." (Doc. 29, p. 1). The defendants did not file any briefs in opposition to this motion.

**1.     Appointment of Expert Witness**

As for the plaintiff's request that the court appoint an expert, the court declines to exercise its discretion to appoint an expert for the plaintiff. While Federal Rule of Evidence 706 grants district courts discretion to appoint an expert, the "policy behind the rule is to promote the jury's factfinding ability." Ford v. Mercer Cty. Corr. Ctr., 171 Fed. Appx. 416, 420 (3d Cir. 2006). The Third Circuit has consistently held that Rule 706 "allows only for the appointment of an expert to aid the Court, and *not for the purpose of aiding an indigent litigant*, incarcerated or not." Kerwin v. Varner, No. CIV. 1:CV-03-2253, 2006 WL 3742738, at *2 (M.D. Pa. Dec. 15, 2006); *see also* McCracken v. Ford Motor Co., 392 F. App'x 1, 4 (3d Cir. 2010) (not precedential); Ford v. Mercer Cty. Corr. Ctr., 171 Fed. Appx. 416, 420 (3d Cir.

2006); Locascio v. Balicki, No. CIV. 07-4834 RBK AMD, 2010 WL 5418906, at *3 (D.N.J. Dec. 23, 2010). The court also notes that 28 U.S.C. §1915, which governs *in forma pauperis* civil proceedings, does not support the plaintiff's argument in favor of appointment of an expert. Section 1915 does not address appointment of experts and further does not grant indigent litigants the ability to finance their litigation through judicial funds. Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); *see also* Victor v. Lawler, No. 3:08-CV-01374, 2011 WL 722387, at *1 (M.D. Pa. Feb. 18, 2011). Thus, the court finds that neither the Federal Rules of Evidence nor the United States Code require or persuade the court to grant the plaintiff's motion and appoint an expert to support his claims.

Furthermore, even if federal precedent did not preclude granting the plaintiff's motion, the appointment of an expert to the case would be futile and fruitless because the plaintiff's binding certificate of merit bars him from using an expert witness to support his claims. As noted previously, the

Pennsylvania Rules of Civil Procedure clearly state that a plaintiff is bound by his certification that "an expert is unnecessary for the prosecution of the claims, in the absence of exceptional circumstances." Pa.R.C.P. 1042.3(a)(3). The Rules further state that as a result of such certification, "the trial court shall *preclude the plaintiff from presenting testimony by an expert* on the questions of standard of care and causation." *Id.* (emphasis added); *see also* Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 265 (3d Cir. 2011) ("[T]he consequence of . . . filing [a certificate of merit] is a prohibition against offering expert testimony later in the litigation, absent exceptional circumstances." (internal quotations omitted)). Again, *pro se* plaintiffs are not excluded from the binding and preclusive effects of a section (a)(3) certification. Illes v. Beaven, No. 1:12-CV-0395, 2012 WL 2836581, at *4 (M.D. Pa. July 10, 2012) (explaining that the *pro se* plaintiff's (a)(3) certification that "he does not need expert testimony precludes him from presenting such testimony"). Nor does a plaintiff's *pro se* status constitute an "exceptional circumstance" sufficient to override the expert testimony prohibition. Cuevas v. United States, No. CIV.A. 09-43J, 2013 WL 4500470, at *10 (W.D. Pa. Aug. 21, 2013) *aff'd*, 580 Fed. Appx. 71 (3d Cir. 2014).

In this case, as stated above, the plaintiff filed a certificate of merit in

which he declared: "expert testimony of an appropriate licensed professional is unnecessary for prosecution of claims against this defendant." (Doc. 17, pp. 4, 5). As this certification falls within section (a)(3) of the Pennsylvania Rules of Civil Procedure, the plaintiff is therefore barred from offering expert testimony later in this litigation. Given this prohibition, the plaintiff cannot use an expert to support his claims and therefore the court will **DENY** his request for appointment of an expert.

### 2. Appointment of Counsel

The court now turns to the plaintiff's request for "this Court's appointment of counsel," pursuant to 28 U.S.C. §1915. (Doc. 29, p. 1). It is well established that indigent litigants have no constitutional or statutory right to appointed counsel in a civil case. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir.2002) (citing Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir.1997)). However, Congress has given the district courts broad discretion to appoint counsel when deemed appropriate. *See id.*; 28 U.S.C. § 1915(e)(1) (2006). For example, appointment of counsel should be made when circumstances "indicate the likelihood of substantial prejudice to [the indigent litigant] resulting . . . from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably

meritorious case." Ferrell v. Beard, 2006 U.S. Dist. LEXIS 63504, at *9 (M.D.Pa. Sept. 9, 2006) (quoting Smith–Bey v. Petsock, 741 F.2d 22, 26 (3d Cir.1984)). Yet the court must always make a threshold determination of "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499–500; Ferrell, at *9.

If the case is genuinely meritorious, then the court will consider a variety of factors that guide the court in deciding whether to appoint counsel. A nonexhaustive list includes:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron v. Grace, 6 F.3d 147, 155–57 (3d Cir. 1993)).

To determine whether the plaintiff's case has some arguable merit in fact and in law, the court must first look at the elements required to establish a claim for negligence against the United States. The plaintiff alleges that the conduct of medical personnel at USP Lewisburg constitutes medical negligence, or malpractice. (Doc. 1, ¶ 29). He further claims that the United

States Bureau of Prisons' policy for training and supervising its medical staff constitutes negligence. *Id.* ¶¶ 30-34. Finally, he claims that the United States was negligent in implementing a contract policy for outsourcing healthcare that does not screen medical contractors or monitor the effectiveness of the policy. (Doc. 1, ¶¶ 35-37). Under the FTCA, the court must apply the law of the state in which the alleged act or omission occurred. Gould Elecs. Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000) (citing 28 U.S.C. §1346(b)(1)). Here, the conduct at issue occurred in Pennsylvania. Therefore, Pennsylvania law governs this claim[1] and requires that the plaintiff demonstrate the following elements to establish a negligence claim:

(1) a duty or obligation recognized by the law requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks;
(2) defendant's failure to conform to the standard required;
(3) a causal connection between the conduct and the resulting injury; [and]
(4) actual loss or damage resulting to the plaintiff.

R.W. v. Manzek, 585 Pa. 335, 346 (Pa. 2005).

Furthermore, in a medical malpractice case, Pennsylvania law requires the plaintiff "to present an expert witness who will testify, to a reasonable

---

[1] The defendant's brief supports this proposition and clearly states that Pennsylvania law applies. (Doc. 13, pp. 6-7). The plaintiff does not dispute this conclusion in any submissions he has thus far provided to the court.

12

degree of medical certainty, that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of the harm suffered." Keating v. Coatesville VA Med. Ctr. (Estate of Keating), 498 Fed. Appx. 181 (3d Cir. Pa. 2012) (not precedential) (citing Mitzelfelt v. Kamrin, 584 A.2d 888, 892 (Pa. 1990)); *see also* Krock v. United States, No. 5:14-CV-3683, 2015 WL 4601130, at *3 (E.D. Pa. July 31, 2015). The Third Circuit has also "recognized the need for expert testimony in proving a claim based on medical injury." Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997)). The policy behind the Third Circuit's requirement for expert testimony is that claims for medical malpractice are complex and require an understanding of facts and medical records that "even most lawyers struggle to comprehend." *Parham*, 126 F.3d at 460. However, in limited circumstances, an expert witness may not be required because "the matter is so simple or the lack of care so obvious as to be within the range of experience and comprehension of non-professional persons." Illes v. Beaven, No. 1:12-CV-0395, 2012 WL 2836581, at *3 (M.D. Pa. July 10, 2012) (internal citations and quotations omitted); McCool v. Dep't of Corr., 984 A.2d 565, 571 (Pa. Commw. Ct. 2009), *as amend ed* (Oct. 28, 2009) ("The only time expert

13

testimony will not be required for a medical malpractice claim is where the causal connection between the defendants' allegedly negligent act and the harm suffered by the plaintiff is generally a matter of common knowledge, rendering the jury capable through its every day experience and knowledge of comprehending the facts presented and drawing conclusions based on those facts. Generally, such negligence rises to the level of gross incompetence.").

All of the plaintiff's claims arise from the alleged medical malpractice committed by Bureau of Prisons medical personnel. Therefore, unless the circumstances are such that a layperson could easily understand the facts and determine the applicable standard of care and causation, an expert is required to prove medical malpractice and those claims arising from the malpractice. As stated, the plaintiff's certificate of merit precludes his use of an expert in this litigation, and as a consequence, he cannot satisfy the Pennsylvania and federal law requirement that he present expert testimony to prove standard of care and causation, two necessary elements for any medical negligence claim.[2] The merit of his claims, while not completely

---

[2] The defendant's Motion for Summary Judgment, (Doc. 19), specifically claims that the defendant is entitled to judgment as a matter of law because the plaintiff cannot successfully litigate a medical malpractice claim without

lacking, are likely futile. However, while they are unlikely to prevail, the court cannot say that they are completely without merit.

The court must next consider the factors outlined in *Montgomery* to determine if appointment of counsel is warranted. The plaintiff, a *pro se* litigant currently incarcerated at FCI Allenwood argues that because he is "from a different state and also of Pureto[sic] Rican desent[sic], he is having an exceptional time trying to understand and litigate his case." (Doc. 29, ¶ 17). However, a review of the plaintiff's filings and submissions in this case lead the court to a different conclusion. The plaintiff's filings thus far indicate not only that he is literate and articulate, but that he has the ability to present his case and his legal arguments to the court. He has properly filed numerous comprehensive motions in this case, has followed instructions of the court, and he has yet to file an untimely opposition or reply brief.[3] These facts weigh

---

expert testimony. This court has yet to rule upon the motion, and the plaintiff has yet to file an opposition to the motion. Therefore, while the court deems it likely that lack of an expert precludes the plaintiff from succeeding on his claims, the court cannot yet make this conclusion. The plaintiff must be given an opportunity to respond to the motion and an opportunity to argue that his negligence claims fall within the exception because they are such that a layperson could understand.

[3] The plaintiff has, in fact, submitted timely requests for extension of time to respond to the defendants' motions, which were properly filed and further reflect the plaintiff's understanding of and ability to comply with this court's procedural rules.

in favor of a finding that the plaintiff can present his own case.

On the other hand, the issues in this case are not simple. In fact, medical malpractice claims or negligence claims based on a medical injury, often involve complex issues pertaining to causation. These claims generally require, as stated above, expert witnesses to demonstrate such causation; however, given the plaintiff's certificate of merit, he is precluded from presenting an expert witness. Therefore, while the complexity of the claims weighs in favor of granting counsel, the plaintiff would not be required to retain an expert witness. He, therefore, cannot and need not acquire an expert, which weighs in favor of denying appointment of counsel.

Moreover, the plaintiff's status as an inmate presents a challenge to his ability to conduct a factual investigation in this case. Due to his confinement, the plaintiff will have trouble deposing witnesses; however, he has already made requests for documents and made efforts to obtain discovery up to this point. While the plaintiff claims, in other filings to this court, (Docs. 25, 30), that he is having trouble obtaining documents through FOIA requests and is further challenged by opposing counsel's unwillingness to provide requested documents, any plaintiff would be presented with these challenges, whether or not represented by counsel. Given the type of proof that the plaintiff is able

to present to support his claims–policy documents and medical records–the court does not find that he is unable to conduct discovery with regard to these documents. The court finds that this factor weighs neutral.

In addition, the plaintiff's financial records, which he submitted to the court on July 10, 2015, (Doc. 3), support his *in forma pauperis* status, and further support a finding that he is unable to retain counsel on his own behalf. This factor weighs in favor of appointing counsel.

The court also finds that the instant case does not present one that "will be solely a swearing contest," or one that rests upon credibility determinations. Montgomery v. Pinchak, 294 F.3d 492, 505 (3d Cir. 2002). The plaintiff's case rests on medical evidence and Bureau of Prisons policy documents, not credibility assessments. Therefore, this factor weighs in favor of denying the plaintiff's motion for appointment of counsel.

Finally, the court must address several other practical considerations which serve to restrain a court's decision to appoint counsel in a civil case: the growing number of civil rights actions filed in federal courts by indigent litigants; the lack of funding to pay appointed counsel; and the finite pool of qualified attorneys willing to undertake assignments on a pro bono basis. Montgomery v. Pinchak, 294 F.3d 492, 505 (3d Cir. 2002). The judiciary has

limited resources for appointing counsel to indigent litigants, and must use its discretion "discerningly." *Id.* at 505 n.10.

In sum, three of the six *Montgomery* factors weigh in favor of denying the plaintiff's motion, one factor weighs neutral, and two factors weigh in favor of granting the motion to appoint counsel. Taking into account the federal courts' limited resources coupled with the court's analysis of the six *Montgomery* factors, as noted above, it will **DENY** the plaintiff's request for appointment of counsel.

### III. Conclusion

For the foregoing reasons, the court will **DENY** both the plaintiff's motion for extension of time to file a certificate of merit, (Doc. 27), and the motion for appointment of counsel and an expert witness. (Doc. 29). An appropriate order will follow.

           s/ *Malachy E. Mannion*
           **MALACHY E. MANNION**
           **United States District Judge**

**Date: March 28, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1149-02.wpd