**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIEGO RODRIGUEZ, : | |
| : | |
| Plaintiff | CIVIL ACTION NO. 3:14-1149 |
| : | |
| v. | (JUDGE MANNION) |
| : | |
| UNITED STATES OF AMERICA, : | |
| Defendant : | |

## MEMORANDUM

Pending before the court is the Motion for and Brief in Support of Discovery Pursuant to Federal Rule of Civil Procedure, 56(d), (Doc. 25), and the Motion for Extension of Time, (Doc. 26), filed by the *pro se* plaintiff, Diego Rodriguez. For the reasons set forth below, the court will **DENY** the motion for Discovery and **GRANT in part** the Motion for Extension of Time.

### I.   Relevant Factual and Procedural Background

The plaintiff, Diego Rodriguez, is an inmate currently housed at the Federal Correctional Institute in Allenwood, Pennsylvania ("FCI Allenwood"). He was housed at the United States Penitentiary in Lewisburg ("USP Lewisburg") for all times relevant to the instant action. (Doc. 1, ¶ 6). In April of 2012, the plaintiff began experiencing sharp pain in his lower back that

radiated down his left leg. *Id.* ¶ 13. He was seen by medical staff at USP Lewisburg and was eventually diagnosed with kidney stones. *Id.* ¶ 18. The plaintiff was "repeatedly told that [he] would soon be going to the hospital to have the kidney stone removed" over the course of six months. (Doc. 1, ¶ 20).

Around October 30, 2012, the plaintiff was taken to Sunbury Community Hospital ("Sunbury") to have his kidney stone removed. *Id.*, ¶ 21; *Id.*, Ex. B-1, B-2. The doctor attending to the plaintiff, Dr. Chopra, explained removal procedure and advised the plaintiff that he did not see anything in the file to "lead him to believe that the operation would go any way but standard." *Id.*, ¶ 22. He was not advised that kidney removal was a risk of the procedure. *Id.* ¶ 23. During the procedure, Dr. Chopra discovered significant inflammation and scarring of the kidney, which required the kidney to be removed without the plaintiff's permission. *Id.*, Ex. B-1, B-2. After the operation was completed, the doctor discovered that he had left a sponge inside the plaintiff during the operation; the doctor then reopened the plaintiff and removed the sponge. *Id.* ¶¶ 25-26. The reopening caused serious infection and resulted in the plaintiff spending additional days in the intensive care unit. (Doc. 1, ¶ 26).

As a result of the abovementioned chain of events, the plaintiff filed a complaint in federal court on June 16, 2014 alleging that the defendant, the

United States of America, is liable for injuries resulting from the Bureau of Prisons and its employees' negligence. The plaintiff specifically alleges: medical personnel at the prison were negligent in diagnosing and treating the plaintiff's kidney stone; the Bureau of Prisons was negligent for not maintaining an adequate health services policy and failing to train its health services employees; and finally the Bureau of Prisons was negligent in maintaining an inadequate contract policy for outsourcing health care issues. (Doc. 1, pp. 6-7).

On October 27, 2014, the defendant filed a "Motion to Dismiss, or, in the Alternative, for Summary Judgment." (Doc. 10). On November 24, 2014, the defendant timely filed a brief in support of the motion, in which the defendant withdrew its alternative motion for summary judgment. (Doc. 13). The plaintiff moved for an extension of time to file a brief in opposition to the motion on December 12, 2014, (Doc. 14), which the court subsequently granted. (Doc. 15). Then, on January 14, 2015, the plaintiff filed a motion for extension of time to file a certificate of merit, and with this motion, the plaintiff attached two certificates of merit relating to claims against Dr. Chopra and the United States. (Doc. 16). The plaintiff subsequently filed a brief in opposition to the motion to dismiss on January 20, 2015. (Doc. 17). In response, the defendant

filed a Reply Brief on February 2, 2015, in which it acknowledged that the plaintiff's failure to file a certificate of merit, was "no longer an issue for the purposes of [the] Motion." (Doc. 18, p. 1).

Immediately thereafter, the defendant filed a motion for summary judgment on the grounds that the plaintiff is barred from presenting an expert to support his claims, and therefore cannot prove elements necessary to prove medical negligence (professional negligence) and any claims related to such negligence. (Doc. 19). The defendant also argues that it is entitled to summary judgment as the plaintiff's "claim for negligent hiring, supervision, and retention of the independent contractors is barred by the discretionary function exception to the FTCA." (Doc. 21, p. 1). On April 2, 2015, the plaintiff responded by filing a motion for extension of time to respond to the defendant's summary judgment motion, which this court subsequently granted. (Docs. 22, 23). On June 2, 2015, the deadline for filing his opposition to the motion for summary judgment, the plaintiff submitted both a motion for leave to conduct additional discovery pursuant to Rule 56(d) of the Federal Rules, (Doc. 25), as well as a motion for a second extension of time to respond to the defendant's summary judgment motion. (Doc. 26). The plaintiff subsequently filed an additional motion, on June 12, 2015, requesting an

extension of time to file a certificate of merit. (Doc. 27). On June 19, 2015, the defendant filed a brief in opposition to the plaintiff's motion for additional discovery as well as for the other requests for enlargements of time, (Doc. 28), to which the plaintiff filed a reply brief on July 27, 2015. (Doc. 30). Just prior to filing his reply, the plaintiff also filed a motion for appointment of counsel and an expert witness. (Doc. 29).

### III.     DISCUSSION

### A.     Plaintiff's Rule 56(d) Motion for Additional Discovery

The court will first address the plaintiff's Motion and supporting Brief for leave to conduct discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (Doc. 25). The plaintiff alleges that he is "unable to fully respond to the Defendant's pending Summary Judgment Motion without additional materials." *Id.* ¶ 2. Specifically, the plaintiff seeks the following documents: 1) the USP Lewisburg/BOP's contract with Sunbury Hospital and Dr. Chopra; 2) "any other outside medical contracts for medical care for inmates at Lewisburg"; and 3) "copy of Quality Assurance Audit findings and working papers for medical contract(s) for Lewisburg for Fiscal Years 2011 -thru- 2014." (Doc. 25, Ex. 2). Without these documents, the plaintiff alleges he is

unable to respond to the defendant's motion and "unable to prosecute his suit." (Doc. 25, ¶ 19). The defendant, in its opposition to the plaintiff's 56(d) motion, argues that the documents that the plaintiff requests are "immaterial" to this court's consideration of the defendant's motion for summary judgment. (Doc. 28, p. 8).

"[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" Doe v. Abington Friends Sch., 480 F.3d 252, 257 (3d Cir. 2007) (Dowling v. City of Philadelphia, 855 F.2d 136, 139 (3d Cir. 1988)). Federal Rule of Civil Procedure 56(d), which governs summary judgment, aligns with this principle and further states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed.R.Civ.P. 56(d). An adequate affidavit or declaration must "specif[y] 'what particular information that is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained.'" Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015) (quoting Dowling, 855 F.2d at 140); *see also* Doe v. Abington Friends Sch., 480 F.3d

252, 255 (3d Cir. 2007).

Before this court may decide whether to take any course of action listed in Rule 56(d), the plaintiff must provide an affidavit or declaration that is adequate, as defined by the Third Circuit. The plaintiff attached a declaration in support of his 56(d) motion and labeled it Exhibit 3. (Doc. 25, Ex. 3). The declaration must satisfy the elements outlined in *Shelton v. Bledsoe* in order to be deemed adequate. First, the plaintiff must identify the documents or information that he seeks. The plaintiff has satisfied this requirement by properly identifying the policy documents in his declaration and the accompanying exhibits. (Doc. 25, Exs. 1-3).[1]

Second, the plaintiff must specify how the documents sought would preclude summary judgment. In this case, the plaintiff's complaint contains two claims for relief. Count I includes the plaintiff's claims of medical malpractice by Bureau of Prisons personnel, and Count II alleges negligence resulting from the defendant's inadequate selection and maintenance of

---

[1] The plaintiff lists the following documents: 1) the USP Lewisburg/BOP's contract with Sunbury Hospital and Dr. Chopra; 2) "any other outside medical contracts for medical care for inmates at Lewisburg"; and 3) "copy of Quality Assurance Audit findings and working papers for medical contract(s) for Lewisburg for Fiscal Years 2011 -thru- 2014." (Doc. 25, Ex. 2).

independent contractors for inmate medical care. (Doc. 1, ¶¶ 29-38). The defendant moves for summary judgment on two grounds, each ground relating to one of the Counts contained in the plaintiff's complaint. The first ground upon which the defendant bases its motion is that the plaintiff's Certificate of Merit precludes him from providing any expert testimony, which is required in order to state a claim for medical malpractice under Count I. (Doc. 21, p. 7). The second is that claims contained in Count II of the plaintiff's complaint are precluded by the FTCA discretionary function exception, and therefore barred by sovereign immunity. (Doc. 21, p. 12). The plaintiff's request for additional discovery does not relate to Count I, and instead solely relates to the Count II.

    The plaintiff complains that he is unable to respond to the defendant's argument that the discretionary function exception applies without obtaining the desired documents. In his declaration, the plaintiff states that these documents "are central to the Claim of whether or not the BOP . . . exercised adequate safeguards in contracting with the relevant doctor as referenced in [the] Complaint" and are also integral to reviewing "the manner in which [the relevant doctor] was hired, how he was determined to be adequate and trained, as well as how and if he was supervised and/or monitored." (Doc. 25,

Ex. 3, ¶¶ 4-5). The plaintiff clearly seeks these documents to support and prove his original claims, rather than to oppose the defendant's motion for summary judgment. Doc. 30, ¶ 6 ("[W]ithout the contractual materials he will be severely hampered in asssiting[sic] the court in reaching the merits in summary fashion."). The defendant's motion for summary judgment is *not premised* on the merits of the underlying claims relating to contracting policy and maintenance of such policy, but rather is based upon the applicability of the discretionary function exception. More specifically, the Third Circuit has articulated a two-step inquiry to determine whether the discretionary function exception immunizes government conduct:

> First, a court must determine whether the act giving rise to the alleged injury and thus the suit involve[d] an "element of judgment or choice." Merando v. United States, 517 F.3d 160, 164 (3d Cir. 2008) (citing United States v. Gaubert, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)). If a "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," the exception does not apply because "the employee has no rightful option but to adhere to the directive." Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). However, where a specific course of action is not prescribed, we proceed to the second step. which requires us to determine "whether the challenged action or inaction 'is of the kind that the discretionary function exception was designed to shield.'" Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997) (quoting Berkovitz, 486 U.S. at 536, 108 S.Ct. 1954). "Because the purpose of the exception is to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy . . .

9

> the exception protects only governmental actions and decisions based on considerations of public policy." *Gaubert*, 499 U.S. at 323, 111 S.Ct. 1267 (internal marks and citations omitted). The "focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." *Id.* at 325.

*S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 332-33 (3d Cir. 2012). The crux of this inquiry is whether a federal statute, regulation, or policy specifically prescribes a course of action for the Bureau of Prisons to follow, and if not, whether the discretion afforded the agency is based on public policy. The defendant's motion for summary judgment is based solely on these two considerations. Therefore, the documents that the plaintiff seeks–detailing the content and actual contracting policies that the defendant had in place–have no bearing on whether a federal statute, regulation, or policy prescribed or prohibited the defendant from engaging in specific medical contracting policies, and further have no bearing on whether medical contracting is a public policy issue. Ultimately, the court finds that the documents desired by the plaintiff are irrelevant to whether this exception applies to the defendant's actions in this case, and the plaintiff has therefore failed to demonstrate, in his declaration, how the desired information would preclude summary judgment based upon the discretionary function exception.

*See* Dowling v. City of Philadelphia, 855 F.2d 136, 140 (3d Cir. 1988) (finding an affidavit in support of 56(d) motion "would be insufficient because the fact Dowling stated she hoped to uncover would not have precluded summary judgment").

Finally, a proper 56(d) declaration must explain why the information sought was not previously obtained. Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015). In his declaration, the plaintiff discusses and provides evidence to support his attempts to obtain the documents through requests to the defendant directly and Freedom of Information Act ("FOIA") requests. (Doc. 25, Exs. 1-3); (Doc. 25, Ex. 3, p. 2). Though the defendant disputes the plaintiff's allegations regarding the status of his FOIA requests, (Doc. 28, p. 4 n.2), the court finds that the plaintiff properly described his inability to obtain the desired documents and satisfies the requirement outlined in *Shelton*.

As a result of the foregoing examination of the plaintiff's declaration, the court finds the declaration to be inadequate for the purpose of Rule 56(d) because the information sought is irrelevant to and would not preclude summary judgment. Therefore, the plaintiff's 56(d) motion will be denied.

**B.    Motion for Time Extension**

The court now turns to the plaintiff's Motion for Time Extension. (Doc.

26). Prior to the deadline to respond to the defendant's motion for summary judgment, the plaintiff filed a second motion for an extension of time to respond to the motion. (Doc. 26). The plaintiff repeats many of the same arguments set forth in his Rule 56(d) motion, namely, that he "does not have the necessary facts to rebut the claims of the Defendant in its Motion for Summary Judgment." *Id.* ¶ 1. He admittedly "err[s] on the side of caution and files this Motion" in addition to the 56(d) motion, and he seeks the same relief: an extension of thirty (30) days to respond to the defendant's *motion after he is served with the desired discovery materials*. *Id.* ¶ 3. The court has reviewed and denied the plaintiff's 56(d) motion above, and the plaintiff has provided no further legal argument for an extension of time *after being served with discovery documents*. Consequently, the court declines to grant the plaintiff's duplicitous request.

However, this finding does not prevent the court from considering granting an finite extension of time to respond to the defendant's motion, one that does not depend upon receipt of discovery documents at an unknown future date. The defendant does not oppose this type of extension. In fact, in its opposition, the defendant states, "[t]o the extent Rodriquez requests additional time to prepare a brief in response to the United States' Motion, the

United States does not oppose such a request." (Doc. 28, p. 3). Because the plaintiff has yet to provide his opposition or statement of material facts and the defendant does not oppose an extension of time to respond, the court finds that the plaintiff is entitled to an opportunity to respond to the defendant's summary judgment motion and will therefore grant the plaintiff additional time to respond to the defendant's summary judgment motion until April 29, 2016.

### III.   CONCLUSION

For the foregoing reasons, the court will **DENY** the motion for Discovery, (Doc. 25), and **GRANT** the Motion for Extension of Time, (Doc. 26), to the extent that the plaintiff be given until April 29, 2016 to respond to the defendant's motion. An appropriate order will follow.

>                    s/ *Malachy E. Mannion*
>            **MALACHY E. MANNION**
>            **United States District Judge**

**Date: March 28, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1149-03.wpd